**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CHRISTIAN F. NEGRON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No.   17-1547 GMS |
| CITY OF WILMINGTON, | ) | |
| WILMINGTON CITY FIRE DEPARTMENT, | ) | |
| DEPUTY CHIEF MICHAEL DONOHUE, | ) | |
| CHIEF ANTHONY GOODE, | ) | |
| CAPTAIN JOHN LOONEY, | ) | |
| LIEUTENANT JEFFREY SCHALL, | ) | |
| CITY SOLICITOR, | ) | |
| CITY OF WILMINGTON LAW DEPARTMENT, | ) | |
| BRUNO J. BATTAGLIA, | ) | |
| TANYA WASHINGTON, | ) | |
| MICHAEL S. PURZYCKI, | ) | |
| CHARLOTTE BARNES, and | ) | |
| OLUSEYI SENU-OKE, | ) | |
| Defendants. | | |

**DEFENDANTS' REPLY IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS**
**PLAINTIFF'S AMENDED COMPLAINT IN LIEU OF AN ANSWER (D.I. 6)**

Defendants, Deputy Chief Michael Donohue, Chief Anthony Goode, Captain John Looney, Lieutenant Jeffrey Schall, the City Solicitor, Bruno J. Battaglia, Tanya Washington, Michael S. Purzycki, Charlotte Barnes, Dr. Oluseyi Senu-Oke, the City of Wilmington Fire Department, and the City of Wilmington Law Department (collectively, "Defendants") by and through their undersigned counsel, provide the following reply to Plaintiff's Response to Defendants' Partial Motion to Dismiss ("Response") (D.I. 12) and in further support of its Motion state:

1.      Plaintiff's Amended Complaint alleges employment discrimination claims under Title VII, Title II of the Americans with Disabilities Act ("ADA"), and Section 504 of the Rehabilitation Act. (D.I. 6).  Defendants' Partial Motion to Dismiss (the "Motion") was limited

to the issue of individual liability under these statutes. Defendants' Motion requested dismissal of the individually named parties and the two departments. It contends that the City of Wilmington is the only appropriate Defendant.  (D.I. 10).

2.      As set forth in greater detail in Defendant's Partial Motion to Dismiss, individual liability does not apply under Title VII, the ADA, or Section 504 of the Rehabilitation Act. *Calloway v. Boro of Glassboro Dep't of Police*, 89 F. Supp. 2d 543, 545 (D.N.J. 2000) (Plaintiff sued police department, detectives, and the prosecutor's office alleging violations of ADA and § 504 of the Rehabilitation Act. The court determined that the ADA and the Rehabilitation Act did not allow for the imposition of individual liability.) *See A.W. v. Jersey City Pub. Sch.*, 486 F.3d 791, 804 (3d Cir. 2007) ("Suits may be brought pursuant to Section 504 against recipients of federal financial assistance, but not against individuals."); *See also Nelson v. Fleet Nat'l Bank*, 949 F. Supp. 254, 258 (D. Del. 1996) (*citing Sheridan v. E.I. DuPont de Nemours and Co.*, 100 F.3d 1061, 1078 (3d Cir. 1996)( *holding* "Congress did not intend to hold individual employees liable under Title VII.").

3.      Additionally, the Wilmington Fire Department and the Law Department may not be sued as individual entities. *See Thomas v. Wilmington Police Dep't*, 1994 Del. Super. LEXIS 266, at *2-3 (Del. Super. June 3, 1994) ("The Wilmington Police Department may not be sued as a separate entity."); *Shotwell v. Middletown Police Dep't,* 2017 U.S. Dist. LEXIS 122913, at *5 (D. Del. Aug. 3, 2017) (dismissing the Middletown Police Department as an improper party and allowing the plaintiff leave to amend his Complaint to substitute the proper party as the Town of Middletown.).

3.      Plaintiff's Response fails to address the arguments presented in Defendants' Motion. Instead, Plaintiff's Response attempts to further assert the validity of his Complaint under Rule

8(a); whether he properly exhausted his administrative remedies; and, whether he is entitled to compensatory and punitive damages.  (D.I. 12, pgs. 1-2). None of these arguments are relevant to Defendants' Motion.

4.      Plaintiff's Response fails to assert any basis showing that, as a matter of law, he can state a claim against the individual defendants and the two departments under Title VII, Title II of the ADA, or the Rehabilitation Act. As such, Plaintiff has failed to meet his burden in overcoming Defendant's Motion and his Complaint must be dismissed against the individually named defendants and the two departments as a matter of law.

**WHEREFORE**, for the reasons set forth above, Defendants Deputy Chief Michael Donohue, Chief Anthony Goode, Captain John Looney, Lieutenant Jeffrey Schall, the City Solicitor, Bruno J. Battaglia, Tanya Washington, Michael S. Purzycki, Charlotte Barnes, Dr. Oluseyi Senu-Oke, the City of Wilmington Fire Department, and the City of Wilmington Law Department respectfully move this Honorable Court to grant their Partial Motion to Dismiss Plaintiff's Amended Complaint as against them with prejudice.

**CITY OF WILMINGTON LAW DEPARTMENT**

/s/ Loren Holland
Loren Holland (#5565)
Assistant City Solicitor
Louis L. Redding City/County Building
800 N. French Street, 9th Floor
Wilmington, DE 19801
(302) 576-2175
Attorney for Defendants

Dated:  February 15, 2018