IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTIAN F. NEGRON,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF WILMINGTON LAW<br>DEPARTMENT, et al.,<br><br>Defendants. | Civ. No. 17-1547-CFC |

Christian F. Negron, Clifton, New Jersey, Pro se Plaintiff.

Loren Holland, Esquire, City Solicitor's Office, City of Wilmington, Wilmington, Delaware.  Counsel for Defendants.

**MEMORANDUM OPINION**

March 4, 2019
Wilmington, Delaware

**CONNOLLY, U.S. District Judge:**

Plaintiff Christian F. Negron, ("Plaintiff") who appears *pro se* and has paid the filing fee, commenced this employment discrimination action on the basis of race, national origin, disability, and perceived disability pursuant to the Title VII of the Civil Rights of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, the Rehabilitation Act of 1967, as amended ("Rehab Act"), 29 U.S.C. §§ 621 *et seq.*, and the Americans with Disabilities Act of 1990, as amended, ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, on October 31, 2017. (D.I. 1) He filed an amended complaint on December 27, 2017. (D.I. 6) Together, they form the operative pleading. The Court has jurisdiction pursuant to 28 U.S.C. § 1331. Before the Court are Defendants' motion to dismiss and motion to strike Plaintiff's sur-reply. (D.I. 9, 17). The matters have been briefed.

**I.   BACKGROUND**

Plaintiff was a probationary firefighter in the Wilmington Fire Department's recruit academy, scheduled from November 17, 2014 to February 7, 2015. Named as defendants are numerous individual employees as well as the City of Wilmington, its Law Department, and its Fire Department. Plaintiff alleges employment discrimination by reason of race, national origin, disability and perceived disability occurred and termination of employment on December 10, 2014. (D.I. 1, 6). Plaintiff filed a charge of discrimination on March 11, 2015, and received a notice of suit rights dated August 21, 2017. He commenced this action on October 31, 2017 seeking reinstatement, backpay, compensatory damages, and other damages.[1]

---

[1] Plaintiff also requests counsel. However, he paid the filing fee and has not sought *in forma pauperis* status. Therefore, his request will be denied pursuant to 28 U.S.C. § 1915(e)(1) (The court may request an attorney to represent any person unable to

1

Defendants move for partial dismissal pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds the complaint fails to state a valid claim against the individual defendants, the City of Wilmington Fire Department, and the City of Wilmington Legal Department.

## II. LEGAL STANDARDS

In reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds pro se, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson, 551 U.S. at 94. A court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

A Rule 12(b)(6) motion maybe granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" Davis v. Abington Mem'l Hosp., 765 F.3d 236, 241 (3d Cir. 2014) (quoting Twombly, 550 U.S. at 555). The Court is "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." In re Rockefeller Ctr. Props., Inc.

---

afford counsel.).

2

*Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 135 S. Ct. 346, 346 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 347. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

### III. DISCUSSION

Defendants move for dismissal of the Title VII, Rehab Act, and ADA claims raised against individual Defendants Deputy Chief Michael Donohue, Chief Anthony Goode, Captain John Looney, Lieutenant Jeffrey Schall, City Solicitor, Bruno J. Battaglia, Tanya Washington, Michael S. Purzycki, Charlotte Barnes, and Dr. Olusey I. Senu-Oke.

Title VII, Rehab Act, and ADA do not provide for individual liability. The law in this area is clear, and has been for some time, that individual employees are not liable under Title VII. *See Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002); *Cardenas v. Massey*, 269 F.3d 251, 268 (3d Cir. 2001). In addition, the law is well-established in the Third Circuit that parties cannot be held liable in their individual capacities under the ADA or under § 504 of the Rehabilitation Act. *See A.W. v. Jersey City Public Schools*, 486 F.3d 791, 804 (3d Cir. 2007) ("Suits may be brought pursuant

3

to [the Rehabilitation Act] against recipients of federal assistance, but not against individuals."); *Koslow v. Pennsylvania*, 302 F.3d 161, 178 (3d Cir. 2002) (no individual liability under the ADA). Accordingly, the Court will grant Defendants' motion to dismiss Deputy Chief Michael Donohue, Chief Anthony Goode, Captain John Looney, Lieutenant Jeffrey Schall, City Solicitor, Bruno J. Battaglia, Tanya Washington, Michael S. Purzycki, Charlotte Barnes, and Dr. Olusey I. Senu-Oke as defendants.

Defendants also move to dismiss the City of Wilmington Fire Department and the City of Wilmington Law Department on the basis that the proper party is the City of Wilmington which is a named defendant. Defendants note that the City of Wilmington Fire Department and the City of Wilmington Law Department are simply departments within the City of Wilmington and, therefore, they may not be sued as separate entities. The Court agrees.

Numerous cases have held that a municipal department such as a police department or a fire department is not a separate legal entity that can be sued apart from the municipality. *See e.g.*, *Boyd v. Wilmington Police Dep't*, 439 F. Supp. 2d 343, 345 n.3 (D. Del. 2006) (citing cases for stating that the Wilmington Police Department may not be sued as a separate entity); *see also Hussein v. New Jersey*, 403 F. App'x 712 (3d Cir. 2010) (under New Jersey law, municipal police department was not entity separate from municipality and not proper party defendant in city resident's § 1983 action); *Regalbuto v. City of Philadelphia*, 937 F. Supp. 374, 377 (E.D. Pa. 1995) (City of Philadelphia police and fire departments are not separate legal entities which may be sued). Accordingly, the Court will grant the motion to dismiss the Fire Department and

Law Department as defendants in this action. The Court will deny as moot Defendants' motion to strike Plaintiff's sur-reply.

## IV.  CONCLUSION

For the reasons discussed above, the Court will: (1) grant Defendants' motion to dismiss (D.I. 9); and (2) deny as moot Defendants' motion to strike Plaintiff's sur-reply (D.I. 17).

An appropriate order will be entered.